10-4577-ag
Mir v. Holder

BIA
A079 693 932

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand eleven.

PRESENT:
        GUIDO CALABRESI,
        REENA RAGGI,
        RICHARD C. WESLEY,
            *Circuit Judges.*

_____

ZAHEER MIR, AKA ZAHEERUDDIN BABER MIR,
        *Petitioner,*

        v.                                10-4577-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Alan Michael Strauss, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zaheer Mir, a native and citizen of Pakistan, seeks review of an October 15, 2010, order of the BIA denying his motion to reopen. *In re Zaheer Mir*, No. A079 693 932 (B.I.A. Oct. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Because Mir's motion to reopen was untimely, he was required to establish changed country conditions to except it from the time limit. *See* 8 U.S.C. § 1229a(c)(7)(C). Contrary to Mir's characterization, the BIA unambiguously found that he did not establish changed country conditions. That finding was supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (providing that this Court reviews the agency's factual findings regarding changed country conditions under the substantial evidence standard).

Mir presented the agency with some evidence suggesting that there had been an increase in sectarian violence against Shia Muslims in Pakistan between April 2008 and December 2009. The BIA discussed this evidence, noting that an intensification in violence *could* constitute changed conditions, but reasonably concluded that Mir had not demonstrated a material change in the risk faced by Sunni Muslims sympathetic to and supportive of Shia Muslims. The record supports this conclusion, as it indicates that the violence in Pakistan has been a continuation of the violence before April 2008 and any increase in the number of civilians injured in that violence has been small compared to Pakistan's entire population. As the BIA noted, Mir did not present evidence showing that his family, either the Shia or Sunni members, had been harmed by the increased violence.

Because the BIA discharged its duty of considering the evidence and giving a reasoned explanation for why it did not find changed country conditions, we defer to that finding. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) ("When an applicant moves to reopen his case based on worsened country conditions, and introduces

3

previously unavailable reports that *materially* support his original application, the BIA has a duty to consider these reports and issue a reasoned decision based thereon, whether or not these reports are clearly determinative."); *Jian Hui Shao*, 546 F.3d at 171 ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency."). Accordingly the BIA did not abuse its discretion in denying Mir's motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4